UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIM SEIDEL, | ) | Case No. EDCV 05-0257-RC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Tim Seidel filed a complaint on April 4, 2005, seeking review of the Commissioner's decision denying his application for disability benefits. The Commissioner answered the complaint on August 30, 2005, and the parties filed a joint stipulation on November 18, 2005.

//
//
//
//
//

**BACKGROUND**

**I**

On August 24, 2001 (protective filing date), plaintiff applied for disability benefits under the Supplemental Security Income ("SSI") program of Title XVI of the Social Security Act ("the Act"), claiming an inability to work since February 6, 1998, due to back, wrist and leg pain. Certified Administrative Record ("A.R.") 70-73, 75. The plaintiff's application was denied initially on February 1, 2002, and was denied again on November 18, 2002, following reconsideration. A.R. 52-60. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Milan Dostal ("the ALJ") on October 1, 2003. A.R. 31-48. On October 15, 2003, the ALJ issued a decision finding plaintiff is not disabled. A.R. 10-18. The plaintiff appealed this decision to the Appeals Council, which denied review on February 11, 2005. A.R. 4-9.

**II**

The plaintiff, who was born on September 18, 1961, is currently 44 years old. A.R. 71. He has an eleventh-grade education and has previously worked as an electrician. A.R. 35-36, 76, 81.

On October 28, 2002, R. Dennis Porch, M.D., a psychiatrist, examined plaintiff and diagnosed him with an anxiety disorder (not otherwise specified) and a mild major depressive disorder, and determined plaintiff's Global Assessment of Functioning ("GAF") to be

//
//
//

50.[1]  A.R. 112-19.[2]  Dr. Porch opined:

> [Plaintiff] would have difficulty carrying out two step job instructions for long periods of time.  Whereas two step job instructions he could carry out, but to continue to do that throughout a day would be difficult for him.  More complex instructions would be problematic.  The reason for this is his extreme anxiety, his psychomotor agitation, and difficulties with concentration, memory, and pressured speech.  [¶]  The [plaintiff] would have for these reasons also difficulty with supervisors on the job.  [¶]  The [plaintiff] would have extreme difficulties in doing day-to-day activities in a job situation.

A.R. 119.

On November 13, 2002, Lydia Mallare, M.D., a nontreating, nonexamining psychiatrist, opined plaintiff has a depressive disorder (not otherwise specified) and an anxiety disorder (not otherwise specified) that cause "mild" restriction of daily living activities,

---

[1]  A GAF of 50 means that the plaintiff exhibits "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job)."  American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. (Text Revision) 2000).

[2]  Although plaintiff has both physical and mental complaints, plaintiff only challenges the ALJ's assessment of his mental impairment; therefore, the Court will not detail the medical records addressing plaintiff's physical condition.

3

"mild" difficulties maintaining social functioning, and "mild" difficulties in concentration, persistence or pace.  A.R. 121-34.  Dr. Mallare further opined plaintiff's mental impairment will be non-severe by October 2003, provided plaintiff receives adequate and regular care.  A.R. 133.

## DISCUSSION

### III

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if her findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching her decision.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed by the ALJ in a disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in

4

substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. § 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. § 416.920(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 416.920(g).

Where there is evidence of a mental impairment that may prevent a claimant from working, the Commissioner has supplemented the five-step sequential evaluation process with additional regulations addressing mental impairments.  <u>Maier v. Comm'r of the Soc. Sec. Admin.</u>, 154 F.3d 913, 914 (9th Cir. 1998) (per curiam).  First, the ALJ must determine the presence or absence of certain medical findings relevant to the ability to work.  20 C.F.R. § 416.920a(b)(1).  Second, when the claimant establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation.  20 C.F.R. § 416.920a(c)(2-4).  Third, after rating the degree of loss, the ALJ must determine whether the claimant has a

severe mental impairment. 20 C.F.R. § 416.920a(d). Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a Listing. 20 C.F.R. § 416.920a(d)(2). Finally, if a Listing is not met, the ALJ must then perform a residual functional capacity assessment, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§ 416.920a(c)(3)]." 20 C.F.R. § 416.920a(d)(3), (e)(2).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. (Step One). The ALJ then found plaintiff "has an impairment or combination of impairments considered 'severe'" (Step Two); however, plaintiff does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ next determined plaintiff is unable to perform his past relevant work. (Step Four). Finally, the ALJ concluded plaintiff can perform a significant number of jobs in the national economy; therefore, he is not disabled. (Step Five).

**IV**

A claimant's residual functional capacity ("RFC") is what he can still do despite his physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). Here, the ALJ found plaintiff has the following RFC:
//

1 |     he can lift and carry 20 pounds occasionally, 10 pounds
2 |     frequently.  He has no restrictions on sitting, standing or
3 |     walking.  He should avoid constant or repetitive use of the
4 |     wrists or forceful activity with the wrists.  He has pain in
5 |     his back, wrists and legs, and this pain has a moderate
6 |     impact on his ability to perform basic work related
7 |     activities but can be controlled by medication without
8 |     significant adverse side effects.  He should avoid
9 |     consistent complex job instructions due to his anxiety and
10 |    depression.

A.R. 17.  However, the plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence because the ALJ erroneously assessed the opinion of Dr. Porch, an examining physician, improperly rejected plaintiff's testimony, and failed to consider lay witness evidence.  The plaintiff is correct.

"[T]he Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  "Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record." Regennitter v. Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999); Bayliss, 427 F.3d at 1216.

Here, Dr. Porch, the only treating or examining physician to

evaluate plaintiff's mental condition, diagnosed plaintiff with an anxiety disorder (not otherwise specified) and a mild major depressive disorder, determined plaintiff's GAF was 50, and opined plaintiff would have difficulty carrying out two-step job instructions for long periods of time, would have difficulty with supervisors on the job, and would have "extreme difficulties in doing day-to-day activities in a job situation" because of "his extreme anxiety, his psychomotor agitation, and difficulties with concentration, memory, and pressured speech."  A.R. 119.  However, the ALJ rejected Dr. Porch's assessment, finding it "overly restrictive . . . in light of the lack of any history of psychiatric treatment or counseling" and because "there is no mention of psychiatric problems elsewhere in the record."  A.R. 15.

The Ninth Circuit has "particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"  Regennitter, 166 F.3d at 1299-1300 (9th Cir. 1999) (citations omitted)); see also Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[I]t is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness.  Thus, the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [the psychologist's] assessment of claimant's condition is inaccurate."  (citation omitted)).  Therefore, the ALJ did not provide specific and legitimate

reasons for rejecting Dr. Porch's opinions, and substantial evidence does not support the ALJ's decision.

## V

When the ALJ's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004). Here, remand is appropriate so the ALJ can properly assess Dr. Porch's opinions of plaintiff's mental limitations. Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir. 2003); Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).[3]

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion,

---

[3] Having concluded remand is necessary, the Court need not address plaintiff's remaining claims, which would not provide plaintiff greater relief than awarded herein. However, on remand, the ALJ should comply with the special procedure for evaluating mental impairments set forth in 20 C.F.R. § 416.920a. Cf. Gutierrez v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000).

pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:  Jan. 23, 2006                    /s/ Rosalyn M. Chapman
                                        ROSALYN M. CHAPMAN
                                        UNITED STATES MAGISTRATE JUDGE

R&R-MDO\05-0257.MDO
1/23/06